UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN S. WILLIAMS, PAUL F. REEVES,
ERIK S. GRAVES, and TAMMY D. DAY,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.                              Case No. 3:09cv225/MCR/MD

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC.,

        Defendant.
_____/

## O R D E R

The plaintiffs have filed a second amended class action complaint against their insurer, Blue Cross and Blue Shield of Florida, Inc. ("Blue Cross"), seeking relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. (Doc. 13.) Pending before the court is Blue Cross's motion to dismiss the second amended complaint for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), or in the alternative, for a more definite statement (doc. 29), which the plaintiffs oppose (doc. 32). Having considered the parties' arguments, the court DENIES the motion to dismiss.

**Background**

The plaintiffs are cancer patients who allege that their insurer, Blue Cross, has systematically denied certain provider-requested, medically necessary, and in some cases

life-saving, radiology services for financially motivated reasons.[1] Each named plaintiff alleges that he or she received PET/CT scans for the purpose of monitoring the effect of cancer therapy or detecting residual or recurrent tumors and that Blue Cross rescinded coverage and recuperated payment for interpretation of diagnostic CT data generated from this technology without notice to them. Jurisdiction is premised on two ERISA provisions: 29 U.S.C. § 1132(a)(1)(B)[2] and 29 U.S.C. § 1132(a)(3).[3] In Count 1, entitled "Breach of Fiduciary Duty," the plaintiffs seek past benefits due, alleging each plaintiff was entitled to certain radiology benefits as permitted under the plan and that Blue Cross breached its fiduciary duty by failing or refusing to tender full payment for some or all of the benefits due under the plan.[4] In Count 2, entitled "Declaratory and Injunctive Relief," the plaintiffs seek injunctive relief to end the alleged practice of systematically denying payments for this type of benefit. Each count incorporates all previous paragraphs of the complaint by reference and alleges that each named plaintiff has exhausted administrative remedies "and/or" exhaustion is excused.

Blue Cross moves to dismiss for failure to state a claim, arguing that the plaintiffs cannot seek recovery of individual plan benefits under a theory of breach of fiduciary duty. In the alternative, Blue Cross moves for a more definite statement on whether the plaintiffs have exhausted administrative remedies or whether exhaustion is excused.

---

[1] According to the complaint, the radiology services at issue are fusion PET/CT services. PET is Positron Emission Tomography and CT is Computed Tomography. The plaintiffs assert that fusion PET/CT technology, which is performed on one integrated machine, is a tool superior to the older technology for distinguishing benign from malignant disease, determining the extent of the disease, detecting residual and recurrent tumors, monitoring the effect of therapy, and guiding therapy.

[2] Subsection (a)(1)(B) provides that a participant or beneficiary may bring a civil action to recover benefits due under the terms of the plan, to enforce rights under the plan, or to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

[3] Subsection (a)(3) provides that a plan participant, beneficiary or fiduciary may bring suit (A) to enjoin any practice that violates ERISA or the terms of the plan or (B) to obtain equitable relief to redress such violations or to enforce any provision of ERISA or the terms of the plan. 29 U.S.C. § 1132(a)(3).

[4] The complaint sets forth two counts, designated as "Count 1" and "Count 2."

Case No. 3:09cv225/MCR/MD

**Discussion**

When ruling on a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Leib v. Hillsborough County Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). Federal Rule of Civil Procedure 8(a) requires a pleading to contain (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." The rule does not require any technical form for the allegations, Fed. R. Civ. P. 8(d)(1), and the court must construe pleadings "so as to do justice," Fed. R. Civ. P. 8(e). Furthermore, "a court should not elevate form over substance in reviewing the pleadings of a case." *Int'l Broth. of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp.*, 576 F. Supp. 1128, 1134 (S.D. Fla. 1983).

ERISA includes a "carefully integrated" and "comprehensive civil enforcement scheme" found in § 1132(a). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-09 (2004) (internal marks omitted). In relevant part, that scheme includes the right to bring suit for individual benefits, breaches of fiduciary duty to the plan itself, and equitable relief. To obtain individual plan benefits, a suit may be brought under subsection (a)(1)(B), which "empowers ERISA participants and beneficiaries to bring a civil action in order to recover benefits, enforce rights to benefits, or clarify rights to future benefits due under the terms of an ERISA-governed welfare benefit plan." *Jones v. Am. Gen. Life and Acc. Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004). To restore losses to the plan itself caused by a breach of fiduciary duty, a plan participant or beneficiary may bring suit under subsection (a)(2), which authorizes a suit to enforce 29 U.S.C. § 1109(a) and imposes personal liability on a fiduciary. *See* 29 U.S.C. § 1132(a)(2) (referencing § 1109, titled "Liability for breach of fiduciary duty"). Subsection (a)(2) relief does not permit recovery of individual benefits but is limited to relief on behalf of the plan itself. *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985); *Heffner v. Blue Cross and Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1338-39 (11th Cir. 2006). To the extent further equitable relief is necessary to remedy an ERISA violation, subsection (a)(3) permits a plan participant, among other things, to enjoin

any practice that violates ERISA or the terms of the plan. Subsection (a)(3), referred to as a "catchall" provision, acts as a safety net, offering appropriate equitable relief for injuries caused by ERISA violations but not elsewhere adequately remedied. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *Heffner*, 443 F.3d at 1339.

Blue Cross first argues that the plaintiffs cannot recover individual benefits on a theory of breach of fiduciary duty. It is undisputed that a subsection (a)(2) breach of fiduciary duty claim permits only remedies to the plan itself. *Russell*, 473 U.S. at 142. On the facts of this case, however, Blue Cross's argument elevates form over substance because the plaintiffs have not pleaded a claim under subsection (a)(2). The mere title given to Count 1, "Breach of Fiduciary Duty," does not automatically invoke the type of breach for which remedies to the plan alone are appropriate. Since "the advent of the Federal Rules of Civil Procedure in 1938, a mere descriptive title in a complaint should not be so consequential." *Douglas Asphalt Co. v. Qore, Inc.*, No. cv206-229, 2009 WL 368649, at *2 (S.D. Ga. 2009). Despite its title, Count 1 substantively seeks a remedy of individual plan benefits as expressly permitted under § 1132(a)(1)(B), referenced in paragraph 10 of the complaint. Furthermore, the Supreme Court has explained that a fiduciary's broad duties include the payment of benefits, *see Varity Corp.*, 516 U.S. at 511, and thus, labeling Count 1 as a claim for breach of fiduciary duty is not inaccurate. The Supreme Court recognized in *Varity Corp.* that "a plan administrator engages in a fiduciary act when making a discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents." *Id.* The remedy for this type of breach of fiduciary duty is provided in subsection (a)(1)(B), in which "ERISA specifically provides a remedy for breaches of fiduciary duty with regard to the interpretation of plan documents and the payment of claims, one that is outside the framework of the second subsection [i.e., § 1132(a)(2)] . . . and one that runs directly to the injured beneficiary."[5] *Varity Corp.*, 516

---

[5] While a claim for relief to individual plan members for a breach of fiduciary duty also may be available in some circumstances under subsection (a)(3), *see Heffner*, 443 F.3d at 1339, the claim asserted in Count I is adequately remedied through § 1132(a)(1)(B). *See Varity Corp.*, 516 U.S. at 515 (stating the catchall provision of subsection (a)(3) is not needed when an adequate remedy exists elsewhere); *see also Heffner*, 443 F.3d at 1339.

U.S. at 512.

Blue Cross also argues that the plaintiffs' claim for equitable relief in Count 2 is not permitted because they have an adequate remedy for benefits under subsection (a)(1)(B). *See Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-89 (11th Cir. 1999). Blue Cross correctly states that an ERISA plaintiff has no additional claim for benefits as equitable relief under the catchall provision of subsection (a)(3) where there is an adequate remedy for benefits under subsection (a)(1)(B). *See Varity Corp.*, 516 U.S. at 515; *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088-89 (11th Cir. 1999). It is impermissible to seek relief under both provisions where the relief sought to redress the breach of fiduciary duty claim in subsection (a)(3) is not substantively different from the benefits sought under the subsection (a)(1)(B) claim. *See* Katz, 197 F.3d at 1088 n.15. Here, however, Count 2 is plainly a claim for injunctive relief to prevent the defendant from continuing to engage in an alleged practice of systematically denying a certain type of benefit to the named plaintiffs and others who are similarly situated in the future. This is substantively different from a claim for individual past benefits due, and it states a valid claim for appropriate equitable relief under subsection (a)(3). Thus, the court rejects Blue Cross's arguments for dismissal.

In the alternative, Blue Cross seeks a more definite statement regarding exhaustion, asserting that Count 1 and Count 2 are ambiguous regarding whether exhaustion has been accomplished or is excused. Pursuant to Rule 12(e), a party may move for a more definite statement where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

The plaintiffs in an ERISA action must exhaust their administrative remedies prior to bringing suit. *See Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 200). Exhaustion may be excused where the administrative remedy is futile or inadequate or where a claimant has been denied "meaningful access" to the review procedure. *Id.* (internal marks omitted). In this case, within each count the complaint asserts, "Each Named Plaintiff . . . has exhausted his or her administrative remedies, and/or exhaustion is excused." (Doc. 13, ¶¶ 101, 108.) Blue Cross argues that this "and/or" language creates

an uncertainty that must be clarified. The court disagrees. Earlier paragraphs of the complaint specifically allege that each named plaintiff was denied meaningful access to the review scheme because no notice was given regarding Blue Cross's decision to rescind and recoup the benefits at issue. (Doc. 13, ¶¶ 13, 14, 15, 16, 72). These allegations are incorporated by reference in each count though not explicitly restated. Within this context, the "and/or" language is not so vague or ambiguous that Blue Cross cannot respond. The court concludes the plaintiffs have adequately alleged that any failure to exhaust is excused by the lack of notice, and there is no cause to require a more definite statement.

**Conclusion**

For the reasons stated above, the court rejects Blue Cross's assertions that the second amended complaint fails to state a claim or is too vague to answer. Accordingly, Blue Cross's motion to dismiss and for a more definite statement is hereby DENIED.

**DONE AND ORDERED** this 2nd day of November, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**