**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOHN S. WILLIAMS, PAUL F. REEVES,
ERIK S. GRAVES, and TAMMY D. DAY,**
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.                                              Case No.: 3:09cv225/MCR/MD

**BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC.,**

    Defendant.
_____/

**O R D E R**

    This action is brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), for breach of fiduciary duty and declaratory and injunctive relief (doc. 13). The plaintiffs are seeking to certify a class of cancer patients as to whom payment for diagnostic CT scans was denied. During a telephone conference with the court on July 26, 2010, plaintiff's counsel indicated that he had discovered new evidence and intended to file a motion for leave to file the newly discovered evidence in support of the plaintiffs' reply to the defendant's response to plaintiffs' motion for class certification. The court directed plaintiffs' counsel to file the motion on or before Monday, August 2, 2010, but advised that the plaintiffs would have to demonstrate good cause to extend the discovery deadline in order to submit additional evidence. On August 2, 2010, the plaintiffs filed four motions, including a motion to reopen discovery for the purpose of compelling previously requested documents (doc. 106), a motion to compel discovery (doc. 107), and a motion for leave to file additional evidence (doc. 108). Through their first motion, the plaintiffs seek to reopen discovery for the purpose of obtaining information they think exists based on evidence produced in a

separate, but similar, action.¹ In their second motion, plaintiffs seek an order compelling the defendant to more fully respond to one of their requests for production of documents and provide information they claim the defendant withheld.² In their third motion, plaintiffs seek to file evidence they hope to obtain through the first two motions "as it becomes available." To be granted, all three motions must be supported by good cause; plaintiffs' counsel must show good cause for his failure to timely obtain and submit the evidence. For the reasons set forth below, the court finds that the plaintiffs have failed to show good cause and denies all three motions.

The court entered a scheduling order (doc. 3) on June 1, 2009, establishing a discovery deadline of October 28, 2009. The court subsequently bifurcated the discovery schedule between certification issues and those related to the merits of the action and gave the parties until February 26, 2010, to complete all pre-certification discovery (doc. 49).³ Under Fed. R. Civ. P. 16(b)(4), the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(4)(b).⁴ Good cause

---

¹Plaintiffs' counsel filed a similar class action complaint against Aetna Life Insurance Company ("Aetna"). According to plaintiffs' counsel, during discovery, Aetna produced 15 spreadsheets containing hundreds of thousands of claims administered by Aetna or a related company for PET/CT fusions billed within 30 days of a diagnostic CT, a billing practice that is at issue in this case. On review of the spreadsheets produced by Aetna, plaintiffs' counsels concluded that one of the defendant's auditors provided misleading testimony in her February 23, 2010, deposition regarding the defendant's knowledge of providers engaging in similar billing practices and apparently believe that the defendant possesses information similar to that produced by Aetna in the other case.

² On November 25, 2009, the plaintiffs served the defendant with requests for production of documents seeking, among other things, a record or spreadsheet of each and every denial during a six-year period of claims "for computed tomography, office consultation, and Fluorodeoxyglucose F-18 (CPT code A9552) that were submitted concomitantly with fusion PET/CT(CPT codes 78815 and 78816)." The plaintiffs also served the defendant with interrogatories asking for a "rough estimate of the number of denials . . . contemplated by" the request set forth above. After the defendant refused to provide the information, the plaintiffs filed a motion to compel, which the court granted. The parties then resolved the discovery dispute, with the defendant agreeing to produce certain documents and/or information by a certain date. Although the plaintiffs subsequently withdrew their motion to compel, they now seem to be suggesting, more than five months after the discovery deadline, that the defendant did not produce all of the agreed upon documents.

³ The court stayed all merit discovery until the certification issue was decided.

⁴ Rule 6.1 of this court's Local Rules also requires good cause for an extension of the discovery deadline.

Case No: 3:09cv225/MCR/MD

requires a showing that the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 Advisory Committee's Note). Mere "'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Will-burn Recording & Pub. Co. v. Universal Music Group Records*, No. 08-0387, 2009 WL 1118944, at *2 (S.D. Ala. 2009) (slip op.) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In other words, the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241-42 n.3 (11th Cir. 2009). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002); *see also Beauregard v. Continental Tire North America*, Inc., 2009 WL 464998, at *2 (M.D. Fla. Feb. 24, 2009) (slip op.) (quoting *Sosa* and the Advisory Committee's Notes for the proposition that "[a] finding of good cause is reserved for situations in which the schedule cannot be met despite the diligence of the party seeking the extension") (internal marks omitted). As the court noted in *Moyer v. Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000), "[a] Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (quoting *Payne v. Rider Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997)). "The object of Rule 16(b) is to 'assure that at some point . . . the pleadings will be fixed.'" *Vazquez v. LCM Inv. Group, Inc.*, 2006 WL 4835922, at *2 (M.D. Fla. Aug. 24, 2006) (citing Fed. R. Civ. P. 16 Advisory Committee's Note). "Recognizing the perils of disorderly litigation, '[t]he Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely.'" *Moyer*, 146 F. Supp. 2d at 1252 (quoting *Payne*, 173 F.R.D. at 540).

The court considers three factors when deciding whether a party has been diligent in following a scheduling order, including (1) whether the party neglected to determine facts before filing pleadings or within discovery; (2) whether the subject matter of the motion for

extension was readily available to the party, and (3) whether the party delayed filing the motion. See *Lord*, 223 F. Supp. 2d at 1277.[5] Consideration of each of these factors leads the court to easily conclude that plaintiffs' counsel did not act diligently with respect to the evidence he now seeks to obtain on plaintiffs' behalf. The basis for all three motions relates to evidence plaintiffs' counsel received in a separate case. Plaintiffs' counsel has been in possession of that evidence since November 12, 2009. As such, he plainly could have sought the documents he now seeks well before the discovery deadline. Rather than do so, he withdrew his pending motion to compel and then waited almost five months to seek leave of court to re-open discovery and file another motion to compel – without offering any explanation for the delay, much less good cause. The court concludes that the plaintiffs did not act with due diligence. Absent a showing of due diligence, there is no good cause to extend any deadlines in the scheduling order or to re-open discovery. Accordingly, it is hereby ORDERED that the plaintiffs' motion to reopen discovery (doc. 106), motion to compel (doc. 107), and motion for leave to file additional evidence (doc. 108) are DENIED.

**DONE AND ORDERED** this 26th day of August, 2010.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5] Although the issue in *Lord* was an extension of the deadline to file an amended complaint, the same analysis applies to the plaintiffs' motions because the discovery deadline set forth in the scheduling order would have to be modified for discovery to be re-opened.